IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | |
| ) | |
| v. ) | Crim. Action No. 03-10188-02-WEB |
| ) | |
| ANTHONY BECKSTROM, ) | |
| ) | |
| Defendant/Petitioner. ) | |
| ) | |

**Memorandum and Order**

After pleading guilty to a charge of conspiracy to distribute methamphetamine, defendant Anthony Beckstrom was sentenced by this court on May 17, 2004, to a 70-month term of imprisonment. Doc. 51. The plea agreement entered into by defendant included a provision waiving his rights to direct appeal and to collaterally challenge the sentence through an action under 28 U.S.C. § 2255. He filed no direct appeal. The matter now is before the court on a motion from the defendant arguing that the sentence violated his Sixth Amendment rights as explained in *Booker v. United States*, 124 S.Ct. 1294 (2004). He asks the court to "re-sentence[] this Petitioner to a reasonable sentence...." Doc. 62. He also requests that the court appoint counsel to assist him. *Id*.

Defendant's motion does not state under what rule or statutory authority it is brought. He may have intended it as a motion to vacate or correct a sentence pursuant to 28 U.S.C. § 2255.[1] Because this

---

[1] It is conceivable that defendant intended to assert the motion under Rule 35 and/or 18 U.S.C. § 3582(c). Even a cursory review of those provisions, however, shows that they do not authorize relief in the circumstances of this case.

appears to be the most likely scenario, the court intends to treat the motion as one under § 2255 unless the defendant notifies the court otherwise within 30 days of the date of this order.

Before a court may characterize an ambiguous motion as one arising under § 2255, it must caution the defendant about the consequences of doing so. *See Castro v. United States*, 540 U.S. 375 (2004). If the defendant wishes to proceed under § 2255 in this case, he should be aware that the motion will count as his first such motion, and that he will not have an opportunity to file a second motion to vacate or correct his sentence except in unusual circumstances, and then only after he has received permission from the Court of Appeals for the Tenth Circuit. *See* 28 U.S.C. § 2255. Also, a failure to include any known grounds for relief in a first § 2255 motion will likely prevent the defendant from raising such arguments at a later date. Finally, defendant should be aware that any claims subject to a § 2255 motion must be submitted within the one-year limitation period explained in § 2255 or they will be barred.

*Leave to File Response*.

Accordingly, defendant is granted 30 days from the date of this order to file a supplemental response stating whether he wants the court to treat his motion as arising under § 2255. If defendant elects to have the motion considered under § 2255, he should also state in his response whether he has any other grounds for arguing that the sentence is unlawful, and he should specify any such grounds in his response. Finally, if defendant wants the court to treat his motion as one under § 2255, he should specify why his motion was not filed within one year of the date on which his judgment of conviction became final.

Defendant has not demonstrated that a hearing on his motion would be appropriate at this point. Accordingly, his request for appointment of counsel is DENIED.

IT IS SO ORDERED this 2nd Day of August, 2005, at Wichita, Ks.

   s/ Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge