IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | |
| ) | |
| v. ) | Crim. Action No. 03-10188-02-WEB |
| ) | |
| ANTHONY BECKSTROM, ) | |
| ) | |
| Defendant/Petitioner. ) | |
| ) | |

**Memorandum and Order**

Defendant Anthony Beckstrom filed a motion asserting a "Booker decision violation" and asking the court to "re-sentence[] this Petitioner to a reasonable sentence...." Doc. 62. On August 2, 2005, the court directed defendant to clarify whether he wanted the court to treat his request as a motion to correct or modify a sentence under 28 U.S.C. § 2255. Doc. 63. Defendant has now filed a response in which he states that his motion is made pursuant to 18 U.S.C. § 3582(c)(2). Doc. 64.

Because § 3582(c)(2) only applies where a sentencing range has amended retroactively by the Sentencing Commission, it is not available to the defendant on his claim of a *Booker* violation. *See United States v. Culp*, 2005 WL 1799252 (D. Kan., June 30, 2005) ("The Booker decision may have changed the application of the guidelines, but it did not lower the guideline sentencing ranges."). Accordingly, § 3582(c)(2) provides no authority for altering the defendant's sentence, and his motion asking to be re-sentenced pursuant to that provision must be denied. *See Culp,* 2005 WL 1799252 at * 2 ; *United States v. Joseph*, 130 Fed. Appx. 357, 360, 2005 WL 1038766, *3 (11th Cir. 2005) ("[B]ecause § 3582(c)(2) authorizes only modification of a sentence as a result of an amendment to the guidelines made

retroactive by the Sentencing Commission and is not a means to attack the constitutionality of a sentence," it is not a statutory vehicle for advancing *Booker.*) ; *United States v. Privette*, 129 Fed. Appx. 897, 899, 2005 WL 995951, *1 (5th Cir. 2005) ("By its plain language, § 3582(c)(2) is not implicated by a decision of the Supreme Court that is unrelated to an actual amendment of the guidelines.").

*Conclusion*.

Defendant's "Motion for Order" (Doc. 62) alleging a *Booker* violation is DENIED.  IT IS SO ORDERED this   7th   Day of September, 2005, at Wichita, Ks.

                                      s/Wesley E. Brown
                                      Wesley E. Brown
                                      U.S. Senior District Judge